**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 24-cv-24962-BECERRA/TORRES

EXOCEL BIO, INC.,

    Petitioner,

v.

PATRICK RETIF, et al.,

    Respondent.

_____/

**ORDER ON PLAINTIFF'S MOTION TO TRANSFER SUBPOENA ENFORCEMENT**

This cause comes before the Court on Plaintiff, Exocel Bio, Inc.'s Motion to transfer an action to enforce a subpoena. [D.E. 1]. The subpoena relates to an action pending in the Eastern District of Pennsylvania (*Exocel Bio, Inc. v. Patrick Retif and Jillian Vogel*, Case No. 2:24-cv-5202). JuveXO, the recipient of the subpoena, has filed a response to the Motion, to which Plaintiff has replied. The Motion, therefore, is ripe for disposition. After careful review of the briefing and relevant authorities, and for the reasons set forth below, Plaintiff's Motion is **GRANTED**.

## I.     ANALYSIS

Under Rule 45(f), courts can transfer subpoena enforcement motions to the issuing court where "the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Two primary exceptions are recognized: "(1) when the issuing court has already ruled on issues presented by the motion, and (2) when the same discovery issues are likely to arise in many districts." *Hoog v. PetroQuest, LLC*, 338 F.R.D. 515, 517 (S.D. Fla. 2021) (citing *The Dispatch Printing Co. v. Zuckerman*, No. 16-CV-80037-BLOOM/VALLE, 2016 WL 335753, at *2 (S.D. Fla. Jan. 27, 2016)). In assessing these exceptions, court should analyze whether "the judge from the issuing court is in a better position to rule on the motion due to her familiarity with the full scope of the issues involved as well as any implications the resolution of the motion will have on the underlying litigation." *Hernandez v. Ocwen Loan Servicing, LLC*, No. 17-80525-CV, 2018 WL 2298348, at *2 (S.D. Fla. May 21, 2018) (quoting *Zuckerman*, 2016 WL 335753, at *2). To arrive at that finding, courts consider the following factors: "the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Id.*

Here, Plaintiff asserts several persuasive arguments as to why this Motion should be transferred to the Eastern District of Pennsylvania. For one, this is not a run-of-the-mill dispute. Rather, it is an action involving trade secret misappropriation (under both federal and Pennsylvania law), unfair competition, and more. Moreover, the issuing court will be the court resolving discovery disputes in

this case; both the parties and the issuing court would undoubtedly benefit from consistency with other discovery matters. Further, as Plaintiff points out, the issuing court recently entered a stipulated injunction order. [D.E. 7 at 1]. That order contains numerous concessions that, according to Plaintiff and uncontested by JuveXO, go to the heart of this subpoena dispute. And what's more, certain discovery production was required by that order that, according to Plaintiff and uncontested by JuveXO, now requires further, follow-up discovery that is tied directly to this subpoena dispute. [D.E. 7 at 1].

The only meaningful opposition offered by JuveXO is that we "should not assume[ ] that the issuing court is in a superior position to resolve subpoena-related motions." [D.E. 6 at ¶ 15] (quoting Fed. R. Civ. P. 45(f) advisory committee's note). But here, the issuing court *is* in a superior position to resolve this subpoena-related dispute for several reasons, including that the issuing court will handle related discovery in this case, has already entered an order requiring discovery production that is intertwined with this subpoena dispute, and has much more knowledge of the rather complex background of the pending lawsuit.

Accordingly, we find that "exceptional circumstances" exist, and therefore grant Plaintiff's Motion to transfer the pending Motion [D.E. 1] to be resolved by the Eastern District of Pennsylvania (Case No. 2:24-cv-5202). *See Hoog*, 338 F.R.D. at 518 (transferring subpoena motion because, in part, "[t]here is a significant risk of inconsistent discovery rulings here and a clear benefit to judicial economy and efficiency if Mr. Palumbo's Motion is transferred. Judge West is better positioned to

determine issues of relevancy, proportionality, scope of the deposition, 'Apex Doctrine' issues, and other related issues in light of her close involvement in the Oklahoma litigation and her knowledge of the issues at play in the complex case before her.").

## II.     CONCLUSION

For the reasons set forth above, Plaintiff's Motion [D.E. 1] is **GRANTED**. The clerk of court is directed to transfer the Motion—but not before April 11, 2025—to the Eastern District of Pennsylvania (*Exocel Bio, Inc. v. Patrick Retif and Jillian Vogel*, Case No. 2:24-cv-5202).

**DONE and ORDERED** in Chambers at Miami, Florida this 27th day of March, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge